STATE OF HAWAI`I, Respondent/Plaintiff-Appellee
v.
WILLIS S. WROBLEWSKI, Petitioner/Defendant-Appellant
No. 28138
Supreme Court of Hawaii.
April 11, 2008.
Phyllis J. Hironaka, Deputy Public Defender, for petitioner/defendant-appellant on the application.

SUMMARY DISPOSITION ORDER
MOON, C.J., LEVINSON, NAKAYAMA, and DUFFY JJ.; and ACOBA, J., Dissenting.
Petitioner Willis S. Wroblewski seeks review of the Intermediate Court of Appeals' (ICA) September 13, 2007 judgment, which affirmed the circuit court of the first circuit's August 14, 2006 order denying Wroblewski's motion to correct an illegal sentence.[1] We accepted Williams's application for a writ of certiorari and now vacate the judgment of the ICA and remand to the circuit court for resentencing in accordance with this order.
Wroblewski was charged by indictment with one count of Accidents involving Serious Bodily Injury, in violation of HRS § 291C-12 (Count I), and one count of Unauthorized Control of a Propelled Vehicle, in violation of HRS § 708-836 (Count II).[2] Wroblewski pled no contest to both counts on July 25, 2005. The prosecution moved to sentence Wroblewski to extended terms of imprisonment as a "multiple offender," under HRS § 706-662(4)(a) (Supp. 2004). The circuit court granted the motion based on its finding that such terms were necessary for the protection of the public, and sentenced Wroblewksi to the extended terms of twenty years of imprisonment for Count I and ten years of imprisonment for Count II, to run concurrently.
Although Wroblewksi did not appeal the judgment, he filed a Motion to Correct Illegal Sentence on June 23, 2006, contending that the sentence imposed by the court was "illegal pursuant to the United States Supreme Court decision[s] in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Kauau v. Frank, 436 F.3d 1057 ([9th Cir.] 2006)." After the circuit court denied this motion, Wroblewski appealed. The ICA, in a summary disposition order, affirmed the circuit court ruling based on this court's precedent in State v. Rivera, 106 Hawai`i 146, 102 P.3d 1044 (2004), cert. denied, 546 U.S. 829, 126 S. Ct. 45 (2005).
Wroblewski maintains that his constitutional rights were violated by the imposition of extended terms of imprisonment based on the circuit court's non-jury finding that such extended incarceration is necessary for the protection of the public. As this court made clear in State v. Maugaotega, 115 Hawai`i 432, 168 P.3d 562 (2007), Wroblewski's extended-term sentence was indeed inconsistent with his right to a jury trial under the sixth amendment to the United States Constitution.
Therefore,
The ICA's September 13, 2007 judgment is vacated, and the case is remanded to the circuit court (1) to grant Wroblewski's Motion to Correct an Illegal Sentence and (2) for resentencing in accordance with this order and applicable law. See Act 1 (Oct. 31, 2007) (to be codified at HRS §§ 706-661 to -664);[3] State v. Jess, No. 28483, Slip Op. (Haw. March 31, 2008) (determining that resentencing under Act 1 is not unconstitutional and also permitting a circuit court to resentence a criminal defendant under a judicially reformed version of the prior statute governing extended term sentencing).[4]
NOTES
[1] The Honorable Michael A. Town presided.
[2] Count I, a class B felony, carried a maximum ordinary term of imprisonment of ten years and Count II, a class C felony, carried a maximum ordinary term of five years. HRS § 706-660 (1993).
[3] Act 1 was passed in a special session after this court's decision in Maugaotega. See H.B. 2, 24th Leg., Second Spec. Sess. (2007), available at http://capitol.hawaii.gov/splsession2007b/bills/HB2_.htm (enacted as Act 1 on October 21, 2007). Section 5 of the Act provides that "[a] defendant whose extended term of imprisonment is set aside or invalidated shall be resentenced pursuant to this Act upon request of the prosecutor." See id.
[4] Although Wroblewski, at this juncture, has not alleged any defect in his indictment, we note that the new rule announced in Jess, requiring the allegation of aggravating extrinsic facts in a charging instrument, does not apply to Wroblewski because of its prospective character.